**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1667** |
| **CHARLES R. MATTHEWS** | **SECTION "I"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff Charles Jones, a Louisiana prisoner, filed this *pro se* and *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Jones named as the sole defendant Charles R. Matthews, a department manager for the Internal Revenue Service.[2] In his Statement of Claim, Jones asserts, without corrections to grammar or spelling, as follows:

> In Oct. 31, 2019 the President issued the Covid-Disaster Relief funds to U.S. Citizens. The first IRS, 1040 filing, guarantees citizens all three economic impact payments. On 4/6/21 I received the $ 3rd 1,400.00. After I recived multiple 60 day notices from the Fresno CA IRS. The IRS has not payed me the 1st two payments of $600.00, an $1,200.00, an now I'm being notified I cannot file for them.[3]

Jones included a number of letters from the IRS indicating that checks for $1,200 and $600 were deposited into an account at Comerica Bank on May 13, 2020, and January 4, 2021, respectively.[4] Another letter indicates that a March 26, 2021, check for $1400 was deposited by Rayburn Correctional Center ("RCC").[5] A letter from Inmate Baking at RCC indicates that the check for $1,400 was deposited into Jones's facility account, but that the other two checks were not received

---

[1] Rec. Doc. 1.
[2] Id. at 1, 4.
[3] Id. at 5.
[4] R. Doc. 1-1 at 1–2, 5–6, 9–10, 13–14.
[5] Id. at 3–4.

by RCC.[6] Jones requests as relief that the Court order Matthews to pay him "the remaining EIP, as required by Congress, $1,800.00 with interest, plus $500.00 to cover civil suit filing fees."[7]

## I. Mandatory Screening

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969). Title 28 U.S.C. § 1915(e)(2) thus directs, in relevant part, that courts "shall dismiss [an in forma pauperis plaintiff's] case at any time" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous.

In addition, because Jones is incarcerated, he is subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[8] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[6] Id. at 15.
[7] Rec. Doc. 1 at 5.
[8] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

## II. Analysis

Jones filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Augustine v. Doe, 740 F.2d 322, 324–25 (5th Cir. 1984).

Initially, Jones sues Matthews, presumably because he signed an April 6, 2023, letter advising that the IRS was tracing Jones's direct deposit refund, as well as a letter dated September 1, 2023, advising that records indicated that a check for $600.00 was deposited in an account at Comerica Bank on January 4, 2021, "as requested."[9] Matthews, however, is a *federal* employee acting pursuant to *federal* law, not a state actor acting pursuant to state law. Thus, Jones fails to state a claim against Matthews under § 1983. Lyons v. Sheetz, 834 F.2d 493, 495 (5th Cir. 1987) (holding that plaintiffs "failed to state a claim under § 1983 because the defendants are federal employees and officials acting pursuant to federal law and are not state actors acting under color of state law"); Garcia-Esparza v. Farrington, No. 19-11595, 2019 WL 6312428, at *2 (E.D. La. Oct. 31, 2019) ("Section 1983 permits civil actions for damages based upon alleged violations of constitutional rights only against persons acting under color of state law, not actions against the United States, its agents or agencies. Thus, to whatever extent, if any, plaintiff seeks to assert a Section 1983 claim against the United States or one of its employees or agencies, ... he fails to state a claim upon which relief can be granted.") (internal citation omitted; emphasis in original), adopted, 2019 WL 6307851 (E.D. La. Nov. 25, 2019).

Jones's suit fares no better as a Bivens action. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens claim remedies constitutional violations by federal government officers in their individual capacities. Affiliated Pro. Home

[9] Rec. Doc. 1-1 at 9–12. Letters dated August 23, 2023, and July 1, 2025, were signed by two other IRS employees who are not named as defendants in this case. Id. at 1–2, 7–8.

Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); see F.D.I.C. v. Meyer, 510 U.S. 471, 484–86 (1994). "The Supreme Court has authorized an implied damages remedy against federal officers for constitutional violations (Bivens action) only three times." Springer v. United States, No. 21-11248, 2022 WL 2208516, at *1 (5th Cir. June 21, 2022) (citing Carlson v. Green, 446 U.S. 14 (1980) (inmate's Eighth Amendment claim for failure to provide adequate medical assistance); Davis v. Passman, 442 U.S. 228 (1979) (Fifth Amendment Due Process claim for gender discrimination); Bivens, 403 U.S. at 388 (Fourth Amendment claim for unreasonable search and seizure)).

In this case, Jones refers to the economic-impact payments ("EIP") passed by Congress in response to the COVID-19 pandemic. Specifically, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act established a tax credit for eligible individuals in the amount of $1,200. 26 U.S.C. § 6428(a). A subdivision of the Consolidated Appropriations Act of 2021 (CAA) authorized a second round of "EIPs" in the amount of $600 per eligible individual. 26 U.S.C. §§ 6428A(a), (f). The American Rescue Plan of 2021 (ARPA) provided for an additional EIP in the amount of $1,400 to eligible individuals. 26 U.S.C. §§ 6428B(a)–(d).

Jones asserts that, while he received the $1,400 "EIP," he did not receive EIPs for $1,200 and $600. His claim does not allege a violation of any federal constitutional right; rather, it merely implicates a failure to follow the federal statutes that authorized the EIPs. As a result, any Bivens claim should be dismissed. See Balance v. Rettig, No. 7:21CV00646, 2024 WL 2933180, at *3 (W.D. Va. June 11, 2024) (dismissing Bivens claims against individual IRS agents for failure to state a claim where the failure to comply with federal statutes providing for EIPs did not implicate a constitutional rights); Wright v. Donovan, No. 4:24-cv-00011-AW-MAF, 2024 WL 5717747, at *3 (N.D. Fl. Jan. 12, 2024) (finding plaintiff who claimed he did not receive EIPs could not receive

relief under Bivens); Thacher v. IRS, No. 22-3283-JWL-JPO, 2023 WL 143230, at *1 (D. Kan. Jan. 10, 2023) (finding plaintiff who alleged the IRS failed to provide him his economic stimulus payments could not proceed under Bivens "because he has failed to implicate a constitutional right that is cognizable under Bivens" (citation omitted)); Byers v. Rettig, No. 1:22-CV-00126-MR, 2022 WL 3205184, at *2 (W.D.N.C. Aug. 6, 2022) (finding no Bivens cause of action because plaintiff who alleged IRS failed to provide him with stimulus payments "is in fact asserting a failure of federal officials to comply with various federal statutes, which does not implicate the [p]laintiff's constitutional rights").

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." Wiggins v. Louisiana St. Univ.-Health Care Services Division, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Leave to amend is not required, however, when an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.' " See Stem v. Gomez, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted).

In this case, it does not appear that Jones will be able to state any cognizable federal claim consistent with the facts alleged. Notably, the CARES Act and the CCA imposed deadlines for issuance of EIPs of December 31, 2020 and January 15, 2021, respectively. 26 U.S.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A)(ii)(I). Jones did not bring this case until July 2026, years after those deadlines passed. As the EIPs can no longer be issued under the terms of the Acts, Jones cannot obtain the relief he seeks. See, e.g., Thacher, 2023 WL 143230, at *2; Moffa v. Yellen, No. 1:22-CV-00565, 2022 WL 413738, at *5 (M.D. Pa. Sep. 12, 2022); Byers, 2022 WL 3205184, at *4; Hudson v. Dep't of Treasury, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7,

2021); Clay v. Dep't of Treasury, No. 21-cv-08132-PJH, 2021 WL 5494274, at *3 (N.D. Cal. Nov. 23, 2021), appeal dismissed, 21-17115, 2022 WL 18028421 (9th Cir. Oct. 14, 2022).

Accordingly, for the foregoing reasons, Jones's complaint should be dismissed.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Charles Jones's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 20th day of August, 2026.

Janis van Meerveld

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**